**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MELANIE NICHOLS, on behalf of herself and all others similarly situated.** | : | **Case No.** |
| **Plaintiff,** | : | **JUDGE** |
| **v.** | : | |
| **PESCE MARBLE & GRANITE, LLC,** | : | **PLAINTIFF'S COMPLAINT** |
| **and** | : | |
| **JOE PESCE,** | : | |
| **Defendant.** | : | |

COMES NOW Plaintiff Melanie Nichols, on behalf of herself and all others similarly situated, by and through her undersigned legal counsel, and for her Complaint against Defendants Pesce Marble & Granite, LLC and Joe Pesce, alleges as follows:

## PRELIMINARY STATEMENT

1. This is a collective action and class action brough by Plaintiff on behalf of herself and all others similarly situated, to recover unpaid overtime premiums and other wage payments from their current/former employers, Defendants Pesce Marble & Granite, LLC and Joe Pesce.
2. Defendants have employed numerous hourly employees who have not been paid the appropriate overtime premiums for the hours they worked.

3. Upon information and belief, Defendants continue to employ numerous employees who are not paid the proper overtime premium for all hours worked, and are further not being paid all hours owed to them.

4. Plaintiff brings this action (1) as an opt-in collective action on behalf of herself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (2) as an opt-in collective action on behalf of herself and all similarly situated individuals for violations of Ohio Rev. Code § 4111.10; and (3) on behalf of herself and a Rule 23, Federal Rules of Civil Procedure class of others pursuant to Ohio Rev. Code § 4113.15.

5. Plaintiff also brings this action as an individual for the recovery of unpaid minimum wages pursuant to the FLSA and Ohio Rev. Code § 4111.14.

**PARTIES**

6. Plaintiff is a resident of Ohio and is a resident of this judicial district. She is a former employee of Defendants.

7. Defendant Pesce Marble & Granite, LLC is an Ohio limited liability company with its principal place of business in this judicial district.

8. Defendant Joe Pesce is a resident of this judicial district.

**JURISDICTION AND VENUE**

9. The Court has jurisdiction over Plaintiff's Complaint because their claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

10. The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same transaction or occurrence and share a common nucleus of operative fact with their federal claims.

11. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein and Defendants are otherwise subject to the personal jurisdiction of Ohio and this Court.

## FACTUAL ALLEGATIONS

12. Defendants are "Employers" within the meaning of the FLSA.
13. Defendant Pesce Marble & Granite is a marble and granite retailer which transacts business on an interstate basis.
14. Defendant Pesce Marble & Granite maintains a facility in Amelia, Ohio.
15. Plaintiff was an hourly employee of Defendants who worked over 40 hours per week.
16. When Plaintiff worked over 40 hours per week, she was paid "straight time" for her hours, meaning that she was not paid the overtime premium of one-and-one-half times her regular rate of pay.
17. Additionally, when Plaintiff worked overtime, she was always paid in cash.
18. Upon information and belief, Defendants maintained this practice with all hourly employees who worked over 40 hours in a workweek.
19. Defendants have failed to fully compensate Plaintiff for the work she performed during her employment.
20. Upon information and belief, Defendant Joe Pesce is responsible for the pay practices complained of herein.
21. Defendants were aware, or should have been aware, that Plaintiff and the putative collective and class members were entitled to payment for all hours worked.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

23. Plaintiff files this action on behalf of herself and all other similarly situated individuals for the recovery of unpaid overtime wages and liquidated damages. The proposed FLSA collective is defined as follows:

> All persons who worked for Defendants and were not paid the overtime premium for work performed after August 28, 2022. ("FLSA Collective").

24. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). The opt-in form is attached hereto.

25. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

26. During the applicable statutory period, Plaintiff and the putative FLSA Collective members often worked without receiving the full overtime premium for their hours worked.

27. Even if Defendants were to pay Plaintiffs and the FLSA Collective's wages after the pay date, such action still constitutes a violation of the FLSA. See e.g., *Herman v. Fabri-Centers of Am., Inc.*, 308 F.3d 580 (6th Cir. 2002); *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993).

28. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to timely pay their employees overtime when they were fully aware these employees were working. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

29. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay, and who would benefit from

the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## OHIO COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

31. Plaintiff files this action on behalf of herself and all other similarly situated individuals for the recovery of unpaid overtime wages pursuant to Ohio Rev. Code § 4111.10. The proposed Ohio collective is defined as follows:

> All persons who worked for Defendants and were not paid the overtime premium for work performed after August 28, 2022. ("Ohio Collective").

## OHIO CLASS ACTION ALLEGATIONS

32. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

33. Plaintiff (the "Ohio Class Representative") brings this action under Ohio Rev. Code § 4113.15 as a class actions pursuant to Rule 23, Federal Rules of Civil Procedure on behalf of the following defined class:

> All persons who worked for Defendants in the state of Ohio and were not paid all wages due to them on the regularly scheduled payday. ("Ohio Class")

34. Numerosity: Upon information and belief, the proposed Ohio Classes are so numerous that joinder of all members is impracticable. The Ohio Class Representatives are informed and believe, and on that basis allege, that during the applicable statutory period, Defendants employed over 35 people who satisfy the definition of the proposed Ohio Class.

35. Typicality: The Ohio Class Representatives' claims are typical of the members of the Ohio Classes. The Ohio Classes worked hours similar to the Ohio Class Representatives, and both the Ohio Class Representative and the Ohio Class were subject to Defendants' policies and practices of failing to pay appropriate and timely compensation.

36. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the Defendants.

37. Adequacy: The Ohio Class Representative will fairly and adequately protect the interests of the Ohio Classes and have retained counsel experienced in wage and hour class and collective action litigation.

38. Commonality: Common questions of law and fact exist to all members of the Ohio Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    i. Whether Defendants unlawfully failed to pay timely and appropriate compensation to the Ohio Class Representative and the members of the Ohio Classes in violation Ohio wage and hour laws;

    ii. Whether Defendants' actions were willful; and

    iii. The proper measure of damages sustained by the Ohio Class Representative and the Ohio Class.

39. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the Ohio Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

40. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Classes predominate over any questions only affecting individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Ohio Classes the timely and

appropriate minimum wage compensation to which they are entitled. The damages suffered by the individual Ohio Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

41. Plaintiff intends to send notice to all members of the Ohio Class to the extent required by Rule 23. The names and addresses of the members of the Ohio Class are available from Defendants.

## CAUSES OF ACTION

### Count I: Violation of the Fair Labor Standards Act
### (As to All Defendants)

42. Plaintiff and the FLSA Collective incorporate by reference the allegations in the preceding paragraphs as if fully restated herein and further allege that Defendants violated the FLSA, 29 U.S.C. § 207(a) by failing and refusing to compensate Plaintiff and the FLSA collective at the required overtime premium.

43. 29 U.S.C. § 207(a) requires employers to pay each employee the federal overtime premium for hours worked in excess of 40 per week.

44. Defendants are "employers" within the meaning of the FLSA.

45. Plaintiff is an "employee" within the meaning of the FLSA.

46. Defendants have failed to remit the federal overtime premium to Plaintiff and the FLSA Collective for hours worked during the pay period described above.

47. As a direct and proximate result of Defendants' unlawful action, Plaintiff and the FLSA Collective have suffered, and continue to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

**Count II: Violation of Section 34a, Article II, Ohio Constitution**
**(As to All Defendants)**

48. Plaintiff and the Ohio Collective incorporate by reference the allegations in the preceding paragraphs as if fully restated herein and further allege that Defendants violated the Ohio Rev. Code § 4111.10 by failing and refusing to compensate Plaintiff and the Ohio collective at the required overtime premium.

49. Ohio Rev. Code § 4111.10 requires employers to pay each employee the state overtime premium for hours worked in excess of 40 per week.

50. Defendants are "employers" within the meaning of Ohio law.

51. Plaintiff is an "employee" within the meaning of Ohio law.

52. Defendants have failed to remit the federal overtime premium to Plaintiff and the Ohio Collective for hours worked during the pay period described above.

53. As a direct and proximate result of Defendants' unlawful action, Plaintiff and the Ohio Collective have suffered, and continue to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

**Count III: Violation of Ohio Revised Code § 4113.15(B)**
**(As to Defendant Pesce Marble & Granite, LLC**

54. Plaintiff and the Ohio 4113.15 Class restate and incorporate by reference the above paragraphs as if fully set forth herein, and further allege that Defendants Pesce Marble & Granite, LLC violated Ohio Rev. Code § 4113.15(B), the Ohio Prompt Pay Act ("OPPA"), by failing and refusing to compensate Plaintiff and the Ohio Class in a timely fashion and/or in full for their full amount of wages owed.

55. OPPA mandates employees be paid in a timely fashion and provides penalties for an employer's failure to provide prompt payment.

56. Defendant Pesce Marble & Granite, LLC has failed and refused to fully compensate Plaintiff and the Ohio Class for the work they performed.

57. As a direct and proximate result of Defendant Pesce Marble & Granite, LLC's unlawful action, the Ohio Class Representatives and the Ohio Class have suffered, and continue to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

**Count IV: Violation of the Fair Labor Standards Act**
**(By Plaintiff Individually and as to All Defendants)**

58. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

59. In her final pay period, Plaintiff worked 17.5 hours for Defendants.

60. Defendants have failed to issue her final pay check on its regularly scheduled pay date.

61. Defendants violated the FLSA, 29 U.S.C. § 206(a) by failing and refusing to compensate Plaintiff at the required minimum wage.

62. 29 U.S.C. § 206(a) requires employers to pay each employee the federal minimum wage for hours worked.

63. As a direct and proximate result of Defendants' unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

**Count V: Violation of Section 34a, Article II, Ohio Constitution**
**(By Plaintiff Individually and as to All Defendants)**

64. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

65. In her final pay period, Plaintiff worked 17.5 hours for Defendants.

66. Defendants have failed to issue her final pay check on its regularly scheduled pay date.

67. Section 34a, Article II of the Ohio Constitution requires employers to pay employees at the minimum wage established therein.

68. Defendants have failed to pay the applicable Ohio minimum wage to Plaintiff.

69. As a direct and proximate result of Defendants' unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, hereby demands judgment against Defendants as follows:

A. Designation of this action as a collective action on behalf of Plaintiffs and the FLSA collective, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. Designation of this action as a collective action on behalf of Plaintiff and the Ohio Collective, and prompt issuance of notice pursuant to Ohio law to the Ohio Collective apprising them of the pendency of this action, and permitting them to assert timely Ohio claims in this action by filing individual consent forms;

C. Designation of this action as a class action on behalf of Plaintiff and the Ohio Class, and prompt issuance of notice pursuant to Rule 23, Federal Rules of Civil Procedure to the Ohio Class apprising them of the pendency of this action, and permitting them to assert timely opt-outs to this action by filing individual forms.

D. Judgment that Plaintiff and those similarly situated are entitled to protection under the FLSA and Ohio state law;

E. Judgment against Defendants for violation of the overtime provisions of the FLSA and Ohio state law;

F. Judgment that the Defendants' violations of the FLSA and Ohio state law were willful;

G. Judgment against Defendant Pesce Marble & Granite, LLC for violation of the ORC § 4113.15;

H. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

I. An award of post-judgment interest;

J. An award of reasonable attorneys' fees and costs;

K. Leave to add additional Plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

L. For other and further relief, in equity, as this Court may deem appropriate.

AND WHEREFORE, Plaintiff, individually, hereby demands judgment against Defendants as follows:

A. All relief sought in Paragraphs D-K of the preceding prayer for relief;

B. For judgment against Defendants for violating the minimum wage provisions of the FLSA and Ohio state law; and

C. For other and further relief, in equity, as this Court may deem appropriate.

Respectfully submitted,

*<u>/s/ Matthew S. Okiishi</u>*
Matthew S. Okiishi (0096706)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6659

(513) 943-6669-fax
matt@finneylawfirm.com
*Counsel for Plaintiff and the purported collectives and class.*